David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Phone: (602) 265-3332
Fax:    (602) 230-4482

Attorneys for the Plaintiff
Patricia McCall

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia McCall,<br><br>                    Plaintiff,<br><br>v.<br><br>ABC Nissan LLC,<br><br>                    Defendant. | **Case No:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their

1. grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Patricia McCall, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of ABC Nissan LLC ("Defendant"), with regard to Defendant's unauthorized and unlawful credit inquiry, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391 as the events that give rise to this action occurred within Phoenix, Arizona.

HYDE & SWIGART
Phoenix, Arizona

## PARTIES

10. Plaintiff is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona.

11. Defendant has a physical location and does business in the City of Phoenix, County of Maricopa, State of Arizona.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

## STATUTORY BACKGROUND

15. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

16. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies.  Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. § 1681(a)(4).

17. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the

purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

18. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

19. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

20. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer.  See 15 U.S.C. § 1681b(a)(3)(A)-(F).

### FACTUAL ALLEGATIONS

21. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

22. At all times relevant, Defendant conducted business within the State of Arizona.

23. On or about January 2015, Plaintiff made an appointment to test drive a car with Defendant on January 28, 2015.

24. Plaintiff brought her brother Derrick McCall with her to conduct a test drive for a vehicle with an advertised purchase price of $13,900.

25. Prior to the test drive, Plaintiff did not sign any paperwork, nor authorize Defendant to access her credit reports.

26. At the end of the test drive, Plaintiff was informed the total purchase price of the vehicle was $18,900, and not the advertised price of $13,900.

27. Plaintiff was then presented an electronic pad and asked to sign in order for Defendant to access her credit reports.

28. Since the purchase price had suddenly changed, Plaintiff no longer wanted to do business with Defendant.

29. Plaintiff explicitly declined to sign anything, and expressly told Defendant to not access her credit reports.

30. Plaintiff is attempting to purchase a home and did not want an inquiry on her credit report to reduce her credit score and compromise her ability to purchase a home.

31. One hour after leaving the dealership, Plaintiff received an alert on her phone from her credit monitoring service that Defendant made a "hard inquiry" on her credit report.

32. Defendant made this credit inquiry only after Plaintiff explicitly informed Defendant that Plaintiff did not wish to purchase a car from Defendant.

33. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

34. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

35. Through this conduct of telling Plaintiff Defendant did not make any inquiry, then making an unauthorized consumer report inquiry regarding Plaintiff, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

36. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

37. As a result of Defendant's illegal actions, Plaintiff's credit score was lowered.

38. Plaintiff then started to dispute Defendant's illegal actions.

39. Plaintiff was then informed by her lender that since she had an active dispute on her credit she could not qualify for a home loan.

40. Due to Defendant's actions, Plaintiff has suffered actual damages in the form of the delayed purchase of a home as well as mental anguish type damages which manifested in several symptoms including but not limited to: stress, anxiety, sleeplessness, nervousness, restlessness, irritability, frustration, and anger all impacting her work and personal relationships.

## CAUSES OF ACTION

## COUNT I

## FAIR CREDIT REPORTING ACT (FCRA)

## 15 U.S.C. §§ 1681 ET SEQ.

41. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

43. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

44. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**COUNT I**

**FAIR CREDIT REPORTING ACT (FCRA)**

**15 U.S.C. §§ 1681 ET SEQ.**

45.  An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

46.  An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

47.  An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

48.  An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

**TRIAL BY JURY**

49.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: February 26, 2015

**Hyde & Swigart**

By: */s/ David J. McGlothlin*
David J. McGlothlin
Attorney for the Plaintiff